UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

RONNIE L. JENNINGS,                )  CASE NO. 5:07 CV 578
                                   )
        Plaintiff,                 )  JUDGE JAMES S. GWIN
                                   )
    v.                             )
                                   )  MEMORANDUM OF OPINION
CITY OF AKRON POLICE DEPT., et al.,)  AND ORDER
                                   )
        Defendants.                )

On February 27, 2007, plaintiff pro se Ronnie L. Jennings filed this action under 42 U.S.C. § 1983 against the City of Akron Police Department, the City of Akron Detective Bureau, Detective William Bosak, and Officer James Gilbride. The complaint seeks damages on the ground that plaintiff's 2004 criminal convictions for kidnapping, attempted rape and gross sexual imposition were tainted by the alteration of a police report that changed the estimated height of the attacker. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th

Cir. Feb. 1, 2000).

Plaintiff's claim implicitly challenges the validity of his convictions and consequent incarceration. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus, he may not recover damages for his claim. Heck v. Humphrey, 512 U.S. 477 (1994).

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: April 23, 2007        *s/    James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE